IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT G. MAHLIN                        §
                                        §
              Plaintiff,                §
                                        §
VS.                                     §              NO. 3-11-CV-0342-M-BD
                                        §
U.S. BANK NATIONAL ASSOCIATION,         §
ET AL.                                  §
                                        §
              Defendants.               §


### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Defendants U.S. Bank National Association ("U.S. Bank"), Mortgage Electronic Registration

Systems, Inc. ("MERS"), Homecomings Financial, LLC ("Homecomings"), and Executive Trustee

Services, LLC ("ETS") have filed a Rule 12(c) motion for judgment on the pleadings in this civil

action brought by plaintiff arising out of foreclosure proceedings initiated against his property.  In

his original petition,[1] plaintiff alleges that defendants improperly "split and separated" the Note and

Deed of Trust, appointed a substitute trustee in violation of the loan documents, failed to answer

letters disputing his mortgage debt, and deliberately delayed and misled him "to the point of

foreclosure[.]" (*See* Plf. Orig. Pet. at 5-7, ¶¶ 16-24).  Based on this conduct, plaintiff sues for breach

and anticipatory breach of contract, unreasonable collection efforts, and violations of federal and

---

[1] The operative pleading is Plaintiff's Original Petition and Application for Temporary Restraining Order filed in state court before this action was removed to federal court.  Under the current scheduling order, the deadline for amending pleadings expired on October 2, 2011 -- three days before defendants filed their Rule 12(c) motion.

-1-

state debt collection laws. Defendants now move to dismiss all claims and causes of action. The motion has been briefed by the parties and is ripe for determination.

A motion for judgment on the pleadings provides a vehicle for the summary adjudication of a claim or defense after the pleadings are closed but before trial. FED. R. CIV. P. 12(c); *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). Where, as here, a motion for judgment on the pleadings is based on the failure to state a claim, the motion is governed by the same standards that apply to a Rule 12(b)(6) motion to dismiss. *See Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 784-85 (N.D. Tex. 2000) (citations omitted). A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.*, *quoting* FED. R. CIV. P. 8(a)(2).

Plaintiff alleges that he refinanced his home in September 2005 with a loan from Homecomings. (*See* Plf. Orig. Pet. at 5, ¶ 17). In connection with that transaction, plaintiff executed a Note and a Deed of Trust. (*Id.*; *see also* Def. App., Exhs. B & C).[2] The Deed of Trust names MERS as a "beneficiary" acting as the "nominee" for Homecomings. (*See* Def. App., Exh. C at 7). On or about August 23, 2010, plaintiff received a Notice of Acceleration of Maturity of his loan and a Notice of Substitute Trustee's Sale for his property. (*See* Plf. Orig. Pet. at 6, ¶ 22). The Notice of Substitute Trustee's Sale identified the owners of the Note as U.S. Bank, Trustee for RASC 2005SK10, and GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC"). (*Id.* at 6, ¶ 23). According to plaintiff, defendants improperly "split and separated" the Note from the Deed of Trust, thereby rendering the loan "unsecured." (*Id.* at 5, ¶ 16). Plaintiff further contends that the appointment of a substitute trustee by Residential Funding, LLC f/k/a Residential Funding Corporation, as "Attorney-In-Fact" for U.S. Bank, is invalid because the Deed of Trust does not authorize an "attorney-in-fact" to appoint a substitute trustee. (*Id.* at 6, ¶ 20). Finally, plaintiff generally alleges that defendants breached the implied duty of good faith and fair dealing by failing to answer letters seeking verification of his mortgage debt and by deliberately delaying and misleading him so they could foreclose on his property. (*Id.* at 5, ¶ 18 & 7, ¶ 24).

The gravamen of plaintiff's claims for breach and anticipatory breach of contract is that Residential Funding, LLC, acting as "Attorney-In-Fact" for U.S. Bank, had no authority to appoint

---

[2] The court may consider these loan documents in deciding a Rule 12(c) motion because they are specifically referenced by plaintiff in his pleadings and are "central to [his] claim." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. Tex. 2000).

a substitute trustee to conduct a foreclosure sale. (*See* Plf. Orig. Pet. at 6, ¶ 20; Plf. Resp. Br. at 7).

In *Sullivan v. Hardin*, 102 S.W.2d 1110 (Tex. Civ. App. -- Amarillo 1937, no writ), a case cited by

plaintiff, the court held that "the power to appoint a substitute trustee to execute the power of sale

contained in a deed of trust can be asserted only in strict compliance with the express terms of the

instrument." *Sullivan*, 102 S.W.2d at 1113. Here, the Deed of Trust provides:

> **Substitute Trustee; Trustee Liability**.  All rights, remedies and
> duties of Trustee under this Security Instrument may be exercised or
> performed by one or more trustees acting alone or together.  Lender,
> at is option and with or without cause, may from time to time, *by
> power of attorney or otherwise,* remove or substitute any trustee, add
> one or more trustees, or appoint a successor trustee to any Trustee
> without the necessity of any formality other than a designation by
> Lender in writing.  Without any further act or conveyance of the
> Property the substitute, additional or successor trustee shall become
> vested with the title, rights, remedies, powers and duties conferred
> upon Trustee herein and by Applicable Law.

(Def. App., Exh. C at 18, ¶ 24) (emphasis added).  Because the Deed of Trust expressly allows the

lender, "by power of attorney or otherwise," to appoint a substitute trustee, plaintiff cannot identify

a specific provision in the contract that was breached by defendants.  Moreover, plaintiff does not

allege that he performed or tendered performance under the Note and Deed of Trust by timely

making his mortgage payments.  These pleading deficiencies are fatal to plaintiff's contract claims.

*See Wilkerson v. Citimortgage, Inc.*, No. 3-11-CV-1393-O-BK, 2011 WL 6937382 at *2 (N.D. Tex.

Oct. 24, 2011), *rec. adopted*, 2012 WL 11039 (N.D. Tex. Jan. 3, 2012) (dismissing claim for breach

of contract where plaintiff failed to allege performance under mortgage documents); *Coleman v.

Bank of America, N.A.*, No. 3-11-CV-0430-G-BD, 2011 WL 2516169 at *1 (N.D. Tex. May 27,

2011), *rec. adopted*, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011), *citing Case Corp. v. Hi-Class

Business Sys. of America, Inc.*, 184 S.W.3d 760, 769-70 (Tex. App. -- Dallas 2005, pet. denied) ("A

breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform.").

Nor has plaintiff alleged an absolute repudiation of any provision of the Deed of Trust by defendants. Rather, the only plausible interpretation of plaintiff's allegations is that defendants initiated foreclosure proceedings after plaintiff defaulted on his mortgage loan. Such facts do not give rise to a claim for anticipatory breach of contract. *See Wilkerson*, 2011 WL 6937382 at *3 (plaintiff failed to plead claim for anticipatory breach of contract where bank initiated foreclosure proceedings after plaintiff defaulted on mortgage).

To the extent plaintiff's claims are based on a common law duty of good faith and fair dealing, Texas law does not recognize such a duty in transactions between a mortgagee and mortgagor, absent a "special relationship[ ] marked by shared trust or an imbalance in bargaining power." *King v. Wells Fargo Bank, N.A.*, No. 3-11-CV-0945-M-BD, 2012 WL 1205163 at *2 (N.D. Tex. Mar. 20, 2012) (citing cases), *rec. adopted*, 2012 WL 1222659 (N.D. Tex. Apr. 11, 2012); *see also Coleman*, 2011 WL 2516169 at *1; *Chapa v. Chase Home Finance, L.L.C.*, No. C-10-359, 2010 WL 5186785 at *6 (S.D. Tex. Dec. 15, 2010), *citing Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990). Plaintiff does not allege any facts in his petition to suggest that he had a "special relationship" with defendants.

Likewise, plaintiff has failed to plead sufficient facts to support a claim for unreasonable collection efforts under federal or Texas law. In his original petition, plaintiff alleges that:

> Defendant(s) has (have) also violated the applicable fair debt [and related] Collections Act in various ways, including their failure to verify the debt upon timely request, but not necessarily limited thereto.

(Plf. Orig. Pet. at 8, ¶ 29). This vague and conclusory allegation does not come close to satisfying the pleading requirements of *Twombly* and *Iqbal. See Franklin v. BAC Home Loans Servicing, L.P.*, No. 3:10-CV-1174-M, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated [state fair debt collection statute], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."). Further, the tort of unreasonable collection efforts requires plaintiff to plead facts that amount to "a course of harassment" by defendants that "was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Burnette v. Wells Fargo Bank, N.A.*, No. 4-09-CV-370, 2011 WL 676955 at *6 (E.D. Tex. Jan. 27, 2011) (citing cases), *rec. adopted*, 2011 WL 675392 (E.D. Tex. Feb. 16, 2011). Plaintiff's conclusory allegations that defendants failed to respond to letters regarding his mortgage debt, delayed and misled him so they could foreclose on his property, and generally lacked authority to initiate foreclosure proceedings do not approach that standard. *See Coleman*, 2011 WL 2516169 at *2 (dismissing claim for unreasonable collection efforts premised on similar allegations).

There is simply no merit to plaintiff's claim that defendants improperly "split and separated" the Note and Deed of Trust securing his mortgage loan. *See Swim v. Bank of America, N.A.*, No. 3-11-CV-1240-M, 2012 WL 170758 at *3 n.25 (N.D. Tex. Jan. 20, 2012) (citing cases rejecting "split the note" theory). Nor is there any authority for plaintiff's argument that defendants lack standing to foreclose on his property because the Notice of Substitute Trustee's Sale identifies both U.S. Bank and GMAC as owners of the Note. Contrary to plaintiff's suggestion, defendants are not required to hold the Note in order to enforce the Deed of Trust. Rather, Texas law allows either a mortgagee or a mortgage servicer to administer a deed of trust foreclosure without production of the note. *See*

-6-

*Willard v. Deutsche Bank Nat. Trust Co.*, No. 4-11-CV-844, 2012 WL 874552 at *3 (E.D. Tex. Feb. 21, 2012), *rec. adopted*, 2012 WL 874524 (E.D. Tex. Mar. 14, 2012) (citing cases rejecting "show-me-the-note" theory).

## RECOMMENDATION

Defendants' Rule 12(c) motion for judgment on the pleadings [Doc. #18] should be granted. This case should be dismissed with prejudice.[3]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[3] Ordinarily, the court would allow plaintiff to amend his complaint in an attempt to cure the pleading defects identified by defendants. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). Although plaintiff requests an opportunity to amend his pleadings to allege new theories of recovery, including that defendants lack standing to conduct a foreclosure sale without producing the original Note, (*see* Plf. Obj. & Resp. at 2-3), none of the new claims would survive a motion to dismiss. Thus, any pleading amendment would be futile.

DATED:  May 16, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE